## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**DON PHARR, Individually and For Others
Similarly Situated,**

      **Plaintiff,**

**v.**                              **Case No. 2:24-cv-01111-JHR-KRS**

**PINNACLE SPECIALTY GROUP, INC.,**

      **Defendant.**

## DEFENDANT'S ANSWER TO AMENDED
## CLASS & COLLECTIVE ACTION COMPLAINT

COMES NOW, Defendant Pinnacle Specialty Group, Inc. ("Pinnacle" or "Defendant") by and through its attorneys of record, Jackson Lewis P.C. (Michael DePonte and Justin L. Greene), and for its Answer to Plaintiff Don Pharr's, Individually and For Others Similarly Situated, ("Plaintiff") Amended Class & Collective Action Complaint ("Amended Complaint"), states as follows:

### Defendant's Response to Summary

1.     Defendant admits Plaintiff purports to bring this action for the reasons described in Paragraph 1 of the Amended Complaint. Defendant denies Paragraph 1 to the extent it implies that Plaintiff's claims are meritorious or that he is otherwise entitled to the relief he seeks in the Amended Complaint.

2.     In response to Paragraph 2 of the Amended Complaint, Defendant admits that it employed Plaintiff from January 3, 2022, to August 18, 2023, but denies all remaining allegations. Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion to which no response is necessary. This is a standing objection to all

allegations in the Amended Complaint purporting to include unknown individuals as "Straight Time Employees."

3.    In response to Paragraph 3 of the Amended Complaint, Defendant admits it paid Plaintiff based on the number of hours he worked in a given pay period. Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion.

4.    In response to Paragraph 4 of the Amended Complaint, Defendant admits Plaintiff may have worked more than forty hours per week on occasion but is without sufficient information or knowledge regarding Plaintiff's definition of "regularly," and therefore denies same. Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion.

5.    In response to Paragraph 5 of the Amended Complaint, Defendant states that it paid Plaintiff for hours worked, but the term "overtime" implies a legal obligation and conclusion to which no response is required. To the extent a response is required, Defendant denies same. Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion.

6.    Defendant states that Plaintiff was paid the same rate for all hours worked. Defendant is without sufficient information or knowledge to admit or deny whether any practice is known as "straight time for overtime." Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion.

7.    Defendant denies the allegations in Paragraph 7 of the Amended Complaint.

8.    The allegations in Paragraph 8 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant states that Plaintiff was paid by the hour.

9.    Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

10.    Defendant denies the allegations in Paragraph 10 of the Amended Complaint.

11.    In response to Paragraph 11 of the Amended Complaint, Defendant states the references statutory sections of the NMMWA speak for itself and no response is required. To the extent a response is required, Defendant admits Plaintiff purports to bring this lawsuit as a class action. Defendant denies that Plaintiff is entitled to do so.

12.    In response to Paragraph 12 of the Amended Complaint, Defendant states 29 U.S. Section 216(b) speaks for itself and no response is required. To the extent a response is required, Defendant admits Plaintiff purports to bring this lawsuit on behalf of Plaintiff.

**Defendant's Response to Jurisdiction & Venue**

13.    Defendant denies the allegations in Paragraph 13 of the Amended Complaint and references its Removal to this Court as filed on October 29, 2024, Doc. 1.

14.    Defendant denies the allegations in Paragraph 14 of the Amended Complaint and references its Removal to this Court as filed on October 29, 2024, Doc. 1.

15.    Defendant denies the allegations in Paragraph 15 of the Amended Complaint and references its Removal to this Court as filed on October 29, 2024, Doc. 1.

16.    Defendant denies the allegations in Paragraph 16 of the Amended Complaint and references its Removal to this Court as filed on October 29, 2024, Doc. 1.

17.    Defendant denies the allegations in Paragraph 17 of the Amended Complaint and references its Removal to this Court as filed on October 29, 2024, Doc. 1.

18.    Defendant denies the allegations in Paragraph 18 of the Amended Complaint and references its Removal to this Court as filed on October 29, 2024, Doc. 1.

**Defendant's Response to Parties**

19.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 19 of the Amended Complaint and, therefore, denies same.

20.    In response to Paragraph 20 of the Amended Complaint, Defendant admits that Plaintiff attached an Exhibit 1 to his Amended Complaint.

21.    In response to Paragraph 21 of the Amended Complaint, Defendant admits that Plaintiff was employed by Defendant from January 3, 2022, to August 18, 2023 in Hobbs, New Mexico.

22.    In response to Paragraph 22 of the Amended Complaint, Defendant states that Plaintiff was paid for all hours worked but states that the terms "straight time" and "overtime" imply legal obligations and state legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

23.    Paragraph 23 of the Amended Complaint is a statement of Plaintiff's intent to which Defendant is not required to respond. However, Defendant denies that Plaintiff is entitled to bring a class action as stated, objects to the term "scheme," and denies all other allegations in Paragraph 23 of the Amended Complaint.

24.    In response to Paragraph 24 of the Amended Complaint, Defendant objects to the use of the phrase "these employees" because it is vague and ambiguous. Defendant admits that it paid all its employees for their hours worked. The remaining allegations state a legal conclusion to which no response is required, and Defendant therefore denies same. To the extent a response is required, the allegations are denied.

25.    Paragraph 25 of the Amended Complaint is Plaintiff's self-styled definition of putative class members and as such, does not assert an allegation requiring a response. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

4

26.     Paragraph 26 of the Amended Complaint is Plaintiff's self-styled definition of putative class members and as such, does not assert an allegation requiring a response. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27.     In response to Paragraph 27 of the Amended Complaint, Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion. Defendant is also without sufficient information to admit or deny what Plaintiff considers to be "readily ascertained," and, therefore, denies such characterization and the allegations contained in Paragraph 27.

28.     Defendant admits the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendant admits the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendant admits it has conducted business in the State of New Mexico, but is without sufficient information to determine what constitutes "all relevant times" and "substantial business," as such language is used in Paragraph 30 of the Amended Complaint and, therefore, denies such characterizations.

31.     Defendant admits the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendant admits the allegations in Paragraph 32 of the Amended Complaint.

### Defendant's Response to FLSA Coverage

33.     In response to Paragraph 33 of the Amended Complaint, Defendant states the referenced statute speaks for itself and therefore no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 33 of the Amended Complaint.

34.     In response to Paragraph 34 of the Amended Complaint, Defendant states the referenced statute speaks for itself and therefore no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 34 of the Amended Complaint.

35.     In response to Paragraph 35 of the Amended Complaint, Defendant states the referenced statute speaks for itself and therefore no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendant admits the allegations in Paragraph 36 of the Amended Complaint.

37.     In response to Paragraph 37 of the Amended Complaint, Defendant states the referenced statute speaks for itself and therefore no response is required. Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant admits the allegations in Paragraph 37 of the Amended Complaint.

38.     In response to Paragraph 38 of the Amended Complaint, Defendant states the referenced statute speaks for itself and therefore no response is required. Defendant objects to Plaintiff's use of the terms "commerce or in the production of goods for commerce" and "Straight Time Employee" in the Amended Complaint because it states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant admits the allegations in Paragraph 38 of the Amended Complaint.

39.     In response to Paragraph 39 of the Amended Complaint, Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

40.     In response to Paragraph 40 of the Amended Complaint, Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41.     In response to Paragraph 41 of the Amended Complaint, Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

42.     In response to Paragraph 42 of the Amended Complaint, Defendant states the referenced statute speaks for itself and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

### Defendant's Response to Facts

43.     Defendant admits the allegations in Paragraph 43 of the Amended Complaint.

44.     In response to Paragraph 44 of the Amended Complaint, Defendant admits that it employs individuals who provide support to its clients in New Mexico and other locations. Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion.

45.     In response to Paragraph 45 of the Amended Complaint, Defendant admits it paid Plaintiff for hours worked. Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion.

46.     The allegations in Paragraph 46 restate the allegations in Paragraph 4 of the Amended Complaint and as such, the response to Paragraph 4 is incorporated herein by reference.

47.     In response to Paragraph 47, Defendant states that the use of the term "them" is vague and ambiguous and the allegations contain a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

48.     In response to Paragraph 48 of the Amended Complaint, Defendant admits that Plaintiff was paid an hourly rate for all hours worked. Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion.

49.     Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

50.     In response to Paragraph 50 of the Amended Complaint, Defendant denies that Plaintiff is "an example" of any larger alleged circumstance. The allegations in Paragraph 50 are otherwise identical to those in Paragraph 21 and as such, the response to Paragraph 21 is incorporated herein by reference.

51.     Defendant admits the allegations in Paragraph 51 of the Amended Complaint.

52.     In response to Paragraph 52 of the Amended Complaint, Defendant admits it paid Plaintiff on an hourly basis.

53.     In response to Paragraph 53 of the Amended Complaint, Defendant admis it paid Plaintiff at rates of $70 per hour at one point, and later $75 per hour, while he was employed by Defendant in New Mexico from January 3, 2022, to August 18, 2023.

54.     Defendant admits the allegations in Paragraph 54 of the Amended Complaint.

55.     In response to paragraph 55 of the Amended Complaint, Defendant admits its business records reflect the number of hours Plaintiff reported to Defendant as having worked during a given pay period. To the extent Paragraph 55 of the Amended Complaint implies something more, Defendant is without sufficient information to admit or deny the allegations in Paragraph 55 of the Amended Complaint and, therefore, denies same.

56.     Defendant admits Plaintiff worked more than forty hours in at least one pay period while he was employed by Defendant in New Mexico. Defendant does not know what frequency Plaintiff deems to be "regular" as it is vague and ambiguous, and as such, denies such characterization in Paragraph 56 of the Amended Complaint.

57.     Defendant is without sufficient information or knowledge to know what frequency Plaintiff deems to be "typical" since the term is vague and ambiguous, and as such, denies such characterization in Paragraph 57 of the Amended Complaint.

58.    Paragraph 58 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

59.    Defendant denies the allegations in Paragraph 59 of the Amended Complaint.

60.    In response to Paragraph 60 of the Amended Complaint, Defendant denies that the alleged workweek is "an example" of any larger alleged circumstance. Defendant admits that Plaintiff reported he worked 91.5 hours during the alleged week.

61.    Defendant states that Plaintiff was paid for all hours worked during the workweek of August 6, 2023, but denies all remaining legal conclusions contained in Paragraph 61 of the Amended Complaint.

62.    Defendant states that Plaintiff was paid $75 per hour for all hours worked during the workweek of August 6, 2023, but denies all remaining legal conclusions contained in Paragraph 62 of the Amended Complaint.

63.    In response to Paragraph 63 of the Amended Complaint, Defendant states that Plaintiff was paid $75 per hour for all hours worked during the workweek of August 6, 2023, but denies all remaining legal conclusions contained in Paragraph 63 of the Amended Complaint.

64.    In response to Paragraph 64 of the Amended Complaint, Defendant states that Plaintiff was paid $7.5 per hour for all hours worked during the workweek of August 6, 2023, but denies all remaining legal conclusions contained in Paragraph 64 of the Amended Complaint.

65.    In response to Paragraph 65 of the Amended Complaint, Defendant objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion. Defendant is also without sufficient information or knowledge to determine the meaning of the vague phrase "the same pay scheme it imposed on Pharr" and therefore, denies same.

66.     In response to Paragraph 66 of the Complaint, Defendant admits that its employees are paid on an hourly basis but objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion.

67.     In response to Paragraph 67 of the Amended Complaint, Defendant admits that its employees are required to report their hours worked, but objects to Plaintiff's use of the term "Straight Time Employee" in the Amended Complaint because it states a legal conclusion.

68.     In response to Paragraph 68 of the Amended Complaint Defendant admits it maintains personnel records, but the use of the phrases "similarly situated" and "Straight Time Employees" are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

69.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion, and Defendant further objects to the term "regularly" as vague and ambiguous. Defendant denies all remaining allegations in Paragraph 69.

70.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to the allegations in Paragraph 70 because the time scope ("the last 3 years") is not sufficiently defined, and the phrase "[e]very Straight Time Employee" is unclear. Therefore, the allegations in Paragraph 70 of the Amended Complaint are denied.

71.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to the allegations in Paragraph 71 because the time scope is not sufficiently defined, and the word "typically" is vague and ambiguous. Defendant also objects because it has not admitted allegations as to the number of hours or days Plaintiff worked and therefore, it denies that other individuals are "like Pharr[.]" Defendant denies all remaining allegations in Paragraph 71 of the Amended Complaint.

72.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. The remaining allegations in Paragraph 73 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

73.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies all remaining allegations and legal conclusions in Paragraph 73.

74.     In response to Paragraph 74 of the Amended Complaint, Defendant objects to Plaintiff's use of the term "Straight Time Employees" because it states a legal conclusion. Defendant further states that the term "salary basis" states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that all employees were paid for all hours worked.

75.     In response to Paragraph 75 of the Amended Complaint, Defendant objects to Plaintiff's use of the term "Straight Time Employees" because it states a legal conclusion. In response to the allegations pertaining to Plaintiff, Defendant states that he was paid for the hours he claimed to have worked.

76.     In response to Paragraph 76 of the Amended Complaint, Defendant objects to Plaintiff's use of the term "Straight Time Employees" because it states a legal conclusion . In response to the allegations pertaining to Plaintiff, Defendant states that he was paid for the hours he claimed to have worked.

77.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. The remaining allegations in Paragraph 77 state a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

78.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. The remaining allegations in Paragraph 78 state a legal conclusion which requires no response. To the extent a response is required, as to Plaintiff, Defendant states that it paid him for all hours worked.

79.    Defendant denies the allegations in Paragraph 79 of the Amended Complaint.

### Defendant's Response to Collective Action Allegations

80.    In response to Paragraph 80 of the Amended Complaint, Defendant admits Plaintiff seeks such certification under 29 U.S.C. Section 216(b). Defendant denies Plaintiff is entitled to such certification.

81.    Defendant denies the allegations in Paragraph 81 of the Amended Complaint.

82.    Defendant denies the allegations in Paragraph 82 of the Amended Complaint.

83.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 83 of the Amended Complaint and, therefore, denies same.

84.    In response to Paragraph 84 of the Amended Complaint, the term "experience" is undefined and therefore vague and ambiguous. To the extent a response is required, Defendant denies the allegations in Paragraph 84 of the Amended Complaint.

85.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 85 of the Amended Complaint and, therefore, denies same.

86.    Paragraph 86 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86 of the Amended Complaint.

87.    In response to Paragraph 87 of the Amended Complaint, the terms "typical" and "experiences" are undefined and therefore vague and ambiguous. To the extent a response is required, Defendant denies the allegations in Paragraph 87 of the Amended Complaint.

88.     Paragraph 88 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 88 of the Amended Complaint.

89.     Paragraph 89 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 of the Amended Complaint.

90.     Paragraph 90 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90 of the Amended Complaint.

91.     Paragraph 91 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it retains the identity of its employees through business records, tax records, and/or employee or personnel records.

92.     Paragraph 92 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92 of the Amended Complaint.

93.      Paragraph 93 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93 of the Amended Complaint.

94.     Paragraph 94 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 94 of the Amended Complaint.

95.     Paragraph 95 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 95 of the Amended Complaint.

96.    Paragraph 96, along with its subparts, of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 96 of the Amended Complaint.

97.    Defendant denies the allegations in Paragraph 97 of the Amended Complaint.

98.    In response to Paragraph 98 of the Amended Complaint, Defendant is without sufficient knowledge or information and therefore denies same.

99.    In response to Paragraph 99 of the Amended Complaint, Defendant is without sufficient knowledge or information and therefore denies same.

100.    Paragraph 100, along with its subparts, of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 100 of the Amended Complaint.

### Defendant's Response to Class Action Allegations

101.    Defendant incorporates its responses to Paragraphs 1 through 100 of the Amended Complaint in response to Paragraph 101.

102.    Paragraph 102 is Plaintiff's intent to bring his claims as a class action. Defendant denies Plaintiff is entitled to do so. Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion.

103.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 103 of the Amended Complaint.

104.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant is without sufficient information to admit or deny the allegations in Paragraph 104 of the Amended Complaint and, therefore, denies same. Defendant denies all legal conclusions in Paragraph 104.

105.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant is without sufficient information to admit or deny what Plaintiff's "experience with Defendant" means and therefore, denies the allegations based on the same.

106.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 106 of the Amended Complaint.

107.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to Paragraph 107 because it states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

108.     Defendant objects to Plaintiff's use of the terms "similarly situated" and "Straight Time Employees" in the Amended Complaint because they state a legal conclusion. Defendant further objects to Paragraph 108 of the Amended Complaint because it states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 108.

109.     Paragraph 109 of the Amended Complaint states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 109.

110.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to Paragraph 110 of the Amended Complaint because it states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 110.

111.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to Paragraph 111 of the Amended Complaint because it states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant denies the allegations in Paragraph 111.

112.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to Paragraph 112 of the Amended Complaint because it states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant denies the allegations in Paragraph 112.

113.    In response to Paragraph 113 of the Amended Complaint, Defendant objects to Plaintiff's use of the term "Straight Time Employees" because it states a legal conclusion. Defendant admits its business records reflect the number of hours its employees claim to have worked.

114.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant admits its records show how its employees are paid but denies all remaining allegations and legal conclusions in Paragraph 114 of the Amended Complaint.

115.    Defendant objects to Plaintiffs use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies it owes Plaintiff or other individuals back wages. To the extent a further response is required to Paragraph 115 of the Amended Complaint, Defendant denies the allegations in Paragraph 115.

116.    Paragraph 116 of the Amended Complaint states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant denies the allegations in Paragraph 116.

117.    Paragraph 117 of the Amended Complaint states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant denies the allegations in Paragraph 117.

118.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects because the phrase "Pharr's experiences are therefore typical of the experiences" because it is unknown what "experiences" are referenced. To the extent a further response is required, Defendant denies the allegations in Paragraph 118.

119.    Defendant objects to Plaintiffs use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to Paragraph 119 of the Amended Complaint because it states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required. Defendant is without sufficient information to admit or deny the allegations in Paragraph 119 and, therefore, denies same.

120.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant also objects to Paragraph 120 of the Amended Complaint because it states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 120 and, therefore, denies same.

121.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant also objects to Paragraph 121 of the Amended Complaint because it states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant is without sufficient information to admit or deny the allegations in Paragraph 121 and, therefore, denies same.

122.     In response to Paragraph 122 of the Amended Complaint, Defendant is without sufficient information to admit or deny whether Plaintiff's counsel is "highly experienced in complex class action litigation" and therefore, denies same.

123.     Defendant denies the allegations in Paragraph 123 of the Amended Complaint.

124.     Defendant objects to Plaintiffs use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to Paragraph 124 of the Amended Complaint because it states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant denies the allegations in Paragraph 124.

125.     In response to Paragraph 125 of the Amended Complaint, Defendant objects to Plaintiff's use of the terms "unjust benefits" and "Straight Time Employees" because they state a legal conclusion. Defendant denies that Plaintiff or any other individual has been "injured," that Defendant has received "unjust benefits," and that it has violated the NMMWA as alleged.

126.     Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Further, Defendant is without sufficient information or knowledge to know what unidentified individuals can afford, and therefore denies same. Defendant denies all remaining allegations in Paragraph 126 of the Amended Complaint.

127. Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant is without sufficient information or knowledge to know what Plaintiff considers to be a "hardship," and given that the putative class is unidentified, it denies that there would exist a "multiplicity of actions." Defendant further objects to the extent Plaintiff purports to speak on its behalf. Defendant denies all remaining allegations in Paragraph 127 of the Amended Complaint.

128. Defendant objects to Plaintiffs use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies all allegations and legal conclusions in Paragraph 128.

129. Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant also objects to Paragraph 129 of the Amended Complaint because it states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant denies the allegations in Paragraph 129.

130. Paragraph 130 of the Amended Complaint, including each of its subparts, states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant denies the allegations in Paragraph 130, including each of its subparts. Defendant specifically denies that Plaintiff or any other individual purported to be in a putative class is entitled to damages under any stated legal theories.

131. Defendant is without sufficient information to admit or deny the allegations in Paragraph 131 of the Amended Complaint and, therefore, denies same.

132.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 132 of the Amended Complaint.

133.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 133 of the Amended Complaint.

134.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 134 of the Amended Complaint and specifically denies that it failed to compensate its employees.

135.    In response to Paragraph 135 of the Amended Complaint, Defendant states the referenced rule and statute speak for themselves, and as such, no response is required. Defendant further objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Additionally, Defendant objects to Paragraph 135 of the Amended Complaint because it states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant denies the allegations in Paragraph 135 of the Amended Complaint.

**Defendant's Response to Pinnacle's Violations Were Willful and Done in Reckless Disregard of the FLSA and New Mexico Law**

136.    Defendant incorporates its responses to Paragraphs 1 through 135 of the Amended Complaint in response to Paragraph 136.

137.    Defendant admits the allegations in Paragraph 137 of the Amended Complaint. Defendant denies it violated any obligations it owes under the referenced statutes.

138.    Defendant objects to Plaintiff's use of the terms "remuneration" and "Straight Time Employees" in the Amended Complaint because they state a legal conclusion. Defendant further objects to Paragraph 138 because it states a legal conclusion and the referenced laws speak for themselves; therefore, no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 138 of the Amended Complaint. Defendant denies it violated any obligations it owes under the referenced statutes.

139.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to Paragraph 139 because it states a legal conclusion and the referenced laws speak for themselves; therefore, no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 139 of the Amended Complaint. Defendant denies it violated any obligations it owes under the referenced statutes.

140.    Defendant objects to the allegations in Paragraph 140 because the time scope ("the last 3 years") is not sufficiently defined. Defendant is without sufficient information and admit or deny the allegations in Paragraph 140 of the Amended Complaint, and therefore denies same.

141.    Defendant objects to Paragraph 141 of the Amended Complaint because it states a legal conclusion and therefore no response is required. To the extent a response is required, Defendant admits certain employees were entitled to overtime pay.

142.    In response to Paragraph 142 of the Amended Complaint, Defendant admits certain employees were hourly employees.

143.    In response to Paragraph 143 of the Amended Complaint, Defendant admits it paid certain employees on an hourly basis.

144.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to Paragraph

144 because it states a legal conclusion and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 144 of the Amended Complaint.

145.    Defendant objects to Paragraph 145 of the Amended Complaint because it states a legal conclusion and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 145 of the Amended Complaint.

146.    Defendant objects to Paragraph 145 of the Amended Complaint because it states a legal conclusion and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 145 of the Amended Complaint. Defendant affirmatively denies it engaged in any unlawful behavior or employment actions knowingly, willfully, and/or in reckless disregard.

### Defendant's Response to Causes of Actions
### Count I – Failure to Pay Overtime Wages Under the FLSA
### (FLSA Collective Members)

147.    Defendant incorporates its responses to Paragraphs 1 through 146 of the Amended Complaint in response to Paragraph 147.

148.    In response to Paragraph 148 of the Amended Complaint, Defendant admits Plaintiff brings his claim in the manner described in Paragraph 148 of the Amended Complaint. Defendant denies Plaintiff is entitled to bring his claim in such manner described in Paragraph 148 of the Amended Complaint.

149.    Defendant objects to Paragraph 149 of the Amended Complaint because it states a legal conclusion and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 149 of the Amended Complaint.

150.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant also objects to the allegations

in Paragraph 150 because the time scope ("the past 3 years") is not sufficiently defined. Defendant further objects to Paragraph 144 because it states a legal conclusion and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 150 of the Amended Complaint. Defendant affirmatively denies it engaged in any unlawful behavior or employment actions knowingly and/or in reckless disregard.

151.    Defendant denies the allegations in Paragraph 151 of the Amended Complaint. Defendant affirmatively denies Plaintiff is entitled to any damages or relief.

152.    Defendant denies the allegations in Paragraph 152 of the Amended Complaint. Defendant affirmatively denies Plaintiff is entitled to any damages or relief.

### Defendant's Response to Count II
### Failure to Pay Overtime Wages Under the NMMWA
### (New Mexico Class Action)

153.    Defendant incorporates its responses to Paragraphs 1 through 152 of the Amended Complaint in response to Paragraph 153.

154.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Paragraph 154 is a statement of Plaintiff's intent, to which no response is required. Defendant denies that Plaintiff has met the test for a class action lawsuit and specifically denies that it has violated the law.

155.    Defendant has denied the allegations in the Amended Complaint and therefore, denies the allegations in Paragraph 155 of the Amended Complaint.

156.    In response to Paragraph 156 of the Amended Complaint, Defendant objects because the time scope "at all relevant times" is not defined. However, Defendant admits it is an "employer" within the meaning of the NMMWA. Defendant denies it violated any obligations it owes under that statute.

157.    Defendant objects because the time scope "at all relevant times" is not defined. Defendant further states that "enterprise in business" is not defined in the NMMWA, and Paragraph 157 of the Amended Complaint does not explain what Plaintiff means by use of the phrase. On that basis, Defendant is without sufficient information to admit or deny the allegations in Paragraph 157 and, therefore, denies same.

158.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects because the time scope "at all relevant times" is not defined. Defendant denies the allegations in Paragraph 157 of the Amended Complaint.

159.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 159 of the Amended Complaint.

160.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant further objects to Paragraph 160 of the Amended Complaint because it states conclusions of law to which no response is required. Defendant denies all allegations inconsistent with the law. To the extent a further response is required, Defendant denies the allegations in Paragraph 160 of the Amended Complaint.

161.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 161 of the Amended Complaint.

162.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 162 of the Amended Complaint.

163.    Defendant denies the allegations in Paragraph 163 of the Amended Complaint.

164.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 164 of the Amended Complaint.

165.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 165 of the Amended Complaint.

166.    Defendant objects to Plaintiff's use of the term "Straight Time Employees" in the Amended Complaint because it states a legal conclusion. Defendant denies the allegations in Paragraph 166 of the Amended Complaint.

## **Defendant's Response to Relief Sought**

167.    The prayer for relief on Page 19 of the Amended Complaint does not contain allegations to which a response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief listed in its prayer for relief.

## **GENERAL DENIAL**

Defendant denies the allegations of all numbered paragraphs in the Amended Complaint and the prayer for relief not specifically admitted above.

## **AFFIRMATIVE DEFENSES**

1.    The Amended Complaint fails to state a claim upon which relief may be granted.

2.    At all times material to the Amended Complaint, Defendant acted in good faith and upon reasonable reliance upon the provisions of the NMMWA and the FLSA, interpretive case law, and regulations, orders, rulings, approvals, interpretations, and opinion letters of the U.S. Department of Labor.

3.      Plaintiff and the putative collective action members did not work in excess of 40 hours per week during each workweek of their respective employment terms.

4.      Claims for hours allegedly worked without Defendant's actual or constructive knowledge are barred.

5.      Defendant is entitled to offset or recoup claimed damages to the extent payment has already been made to Don Pharr ("Pharr") and/or the putative collective action members or to the extent Pharr and/or the putative collective action members have been overpaid.

6.      Any alleged violation of the NMMWA or the FLSA by Defendant was not willful or reckless.

7.      Pharr and the putative collective action members' claims are barred, in whole or in part, by the statute of limitations.

8.      To the extent Pharr and/or the putative collective action members' time records are inaccurate, Pharr and/or the putative collective action members are estopped by their own misconduct from recovering damages or any other relief against Defendant.

9.      The Amended Complaint as a whole, and each purported claim alleged therein, is not appropriate for a collective action because Pharr fails to satisfy the prerequisites for class certification and, as such, Pharr lacks standing and cannot represent the interests of others as to each of the purported causes of action.

10.     Certification is inappropriate because (a) Pharr is not able to fairly and adequately represent and protect the interests of all members of the putative class; (b) the claim raised in the Amended Complaint requires a detailed, fact-specific and individualized inquiry that must be decided employee by employee, for each and every day, workweek and/or pay period; (c) individual questions predominate; (d) Pharr's interests and those of the putative class are in conflict with the interests of others whom Pharr purports or seeks to represent; (e) the facts and law

common to the case are insignificant compared to the individual facts and issues particular to Pharr and the putative collective action members.

11.    Pharr and the members of the putative collective action are not similarly situated.

12.    Members of any purported collective action may meet one or more overtime-pay exemptions under the FLSA and/or the NMMWA.

13.    Pharr and the members of the putative collective action may not be properly classified as employees under the FLSA or NMMWA.  Pharr and the members of the putative class action may have been properly classified as independent contractors and, therefore, not subject to the FLSA or NMMWA.

14.    Any claim for overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

15.    Plaintiff's proposed class definitions are vague and overbroad.

16.    This Court lacks jurisdiction, both original and supplemental, over any member of the putative class who does not expressly "opt in" to the collective action in accordance with 29 U.S.C. § 216(b).

17.    Some or all of Plaintiff's claims are barred to the extent that Plaintiff is seeking compensation for time which is non-compensable and/or non-working time.

18.    Defendant asserts the Court lacks jurisdictions over some or all of the proposed putative class members proposed by Plaintiff.

19.    The time about which Plaintiff complains is not compensable because it is not integral and indispensable to the principal employment activity.

20.     The time about which Plaintiff complains is not compensable because it is considered insubstantial, insignificant, or *de minimis* under applicable law.

21.     Plaintiff's claims are barred, in whole or part, by the doctrine of unclean hands.

22.     Some or all of Plaintiff's claims may be preempted by federal law.

23.     Plaintiff's claims may be barred or limited pursuant to the time clock exception under the FLSA.

24.     Some or all of the bonus referenced by Plaintiff were completely discretionary and would not be a proper component of calculation of regular rate or the corresponding overtime rate.

25.     Defendant reserves the right to assert additional affirmative defenses should it become aware of additional defenses during the course of discovery.

WHEREFORE, Defendant requests Plaintiff's Amended Complaint be dismissed with prejudice and Defendant be awarded its fees and costs in defending this matter.

Respectfully submitted,

JACKSON LEWIS P.C.


By  */s/ Justin L. Greene*          
Michael DePonte
Justin L. Greene
JACKSON LEWIS P.C.
500 N. Akard Street, Ste. 2500
Dallas, TX 75201
Michael.DePonte@jacksonlewis.com
Justin.Greene@jacksonlewis.com

We hereby certify that we electronically filed the foregoing pleading through the CM/ECF system on the 5th day of November, 2024, and sent a copy via email to counsel for Plaintiff:

Justin R. Kaufman
Philip M. Kovnat
DURMAN, PITTARD & SPALDING, LLP
505 Cerrillos Rd Suite A209
Santa Fe, New Mexico 87501
jkaufman@dpslawgroup.com
pkovnat@dpslawgroup.com

Alyssa White
JOSEPHSON DUNLAP, LLC
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
awhite@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
11 Greenway Plaza, Ste. 3025
Houston, TX 77046
rburch@brucknerburch.com


By: _/s/ Justin L. Greene_____
        Justin L. Greene